Application of Lawrence Howard ALLEN
for Writ of Habeas Corpus.
No. A–12990.

Court of Criminal Appeals of Oklahoma.
Dec. 7, 1960.

George Sam Caporal, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Lawrence Howard Allen seeks release from the county jail of Oklahoma County by way of writ of habeas corpus. His petition was filed in this Court on November 28, 1960, attached to which was a Stipulation of Facts used in the district court of Oklahoma County, where application for the writ was first made. On denial of the writ by that court, application was made to this Court, being the proper procedure, under the laws of this State. Rule to show cause was directed to Bob Turner, Sheriff of Oklahoma County on the same day. The matter came on for hearing in this Court on December 5, 1960, and after hearing evidence the matter was continued until December 6, 1960 to permit petitioner to obtain further records and evidence, and the case was taken under advisement.

Petitioner alleges that he has been incarcerated for fifty days, and that the restraint is illegal and unconstitutional, and unauthorized for the following reasons:

"1. That the petitioner was taken into custody under a Federal Charge of Unlawful Flight on October 10, 1960;

"2. That a Writ of Habeas Corpus was filed in the Federal District Court before Judge Stephen Chandler. That said Judge ruled that petitioner was taken into custody for the purpose of extradition. That his custody by the Federal Government ended on October 10, 1960, was remanded to the state authorities;

"3. That until the filing of this Writ of Habeas Corpus in the Federal Court, the enforcement authorities made no effort to commence extradition of the petitioner;

"4. That further, when custody of the petitioner was remanded to the State of Oklahoma your petitioner was not taken before a judge or magistrate and arraigned;

"5. That there was a lack of due diligence in the enforcement authorities in this state as well as in the state of Louisiana to commence the extradition proceedings against this petitioner;

"6. That the attorney for the petitioner was denied access to any and all records or information as to what grounds or legal instruments in which his incarceration was made."

It is further claimed that petitioner's rights have been violated in the following respects:

"a. That the State of Oklahoma had no authority to hold your petitioner, since the purported Governor's Warrant was not issued until November 22, 1960, and that your petitioner was in the custody of the State of Oklahoma from time of October 11, 1960;

"b. That the State of Oklahoma denied your petitioner his right to bail and was in violation of Section 8, of Article II, of the constitution of the State of Oklahoma;

"c. That he was denied to his right of a speedy trial and was in violation of Section 19, Article 2, of the constitution of the State of Oklahoma;

"d. That the restraint of the petitioner was without due process of law and in violation of Section 7, of Article II, of the constitution of the State of Oklahoma, and of 22 OSA 1141.13 and 1141.14."

Respondent Sheriff of Oklahoma County in response states:

"That he holds the said Lawrence Howard Allen in custody pursuant to a warrant issues by the Governor of the State of Oklahoma, on November 18, 1960 directing that the said Lawrence Howard Allen, should be delivered to the agents of the Governor of the State of Louisiana pursuant to a requisition of the Governor of Louisiana for the return of said Lawrence Howard Allen to said State of Louisiana on extradition as a fugitive from justice.

"Respondent further states the said fugitive would have been already delivered to the agent of the said State of Louisiana but for the interference of legal proceedings instituted by said fugitive."

The point relied upon by counsel for petitioner is a paragraph in an order by a Federal District Judge, wherein petition for writ of habeas corpus was denied, but wherein it was stated in the order, dated November 23, 1960, that the prisoner's custody by the Federal Government ended on October 10, 1960 and that he was remanded to the State authorities. If such were the case, the writ would have to be granted. But the stipulation and evidence from records in the office of the United States Marshal for the Western District of Oklahoma, and in the office of the sheriff of Oklahoma County, produced at the hearings, do not support the theory that petitioner has been a State prisoner since October 10, 1960.

The stipulation signed by counsel for petitioner and the assistant county attorney of Oklahoma county and filed in this Court reads:

"Agreed and stipulated that the following facts exist in regard to the ar-

rest and detention of Lawrence Howard Allen:

"On or about the tenth day of October, 1960, Lawrence Howard Allen was arrested on Federal Warrant for Unlawful Flight to Avoid Prosecution and was held on the federal warrant in the Oklahoma County jail which is co-existant to Federal jail in this county until November 22, 1960. At which time the defendant through his attorney, George Caporal, filed writ of habeas corpus, which was heard by Judge Chandler, Federal District Judge; and said writ was denied.

"On the same date, November 22, 1960, at 1:00 P.M. the Sheriff of Oklahoma County arrested the defendant on a Governor's Warrant from the State of Louisiana. Thereafter, on November 23, 1960 the said defendant, through his attorney, George Caporal, filed a writ of habeas corpus in the district court of Oklahoma County alleging that he was illegally held under these fact_ and stipulations. Judge Mills denied said writ and gave time for the defendant to file writ with the Court of Criminal Appeals.

"The Judge of the district court allowed the State to withdraw the Governor's Warrant from the State of Louisiana and also, the Governor's Warrant from the State of Oklahoma, which is in the custody of the State of Oklahoma."

H. H. Leatherman, U. S. Commissioner, testified that the petitioner was arraigned in his court on October 10, 1960, having been arrested by the F.B.I. for unlawful flight from Louisiana to escape prosecution in a state court for burglary; that hearing was waived and he ordered prisoner remanded to the Federal Authorities in the State of Louisiana. He filled in a form, No. 5, and mailed it to the District Attorney of New Orleans.

Mitchell L. Carson, Deputy U. S. Marshal, testified that petitioner was unable to make bond fixed by the U. S. Commissioner and was placed in the Oklahoma County jail; that he was released from United States custody at midnight of November 22, 1960; that a Governor's Warrant was served on petitioner November 23, 1960 and petitioner was taken into custody by State authorities; that petitioner went off the Federal support bill in the county jail in Oklahoma County at midnight on November 22, 1960.

The Governor's warrant on foreign requisition, with the foreign requisition signed by the Governor of Louisiana attached, was received in evidence. No objection has been interposed as to the regularity of the extradition proceedings. The requisition was signed by the Governor of Louisiana on October 20, 1960. The Oklahoma Governor's Warrant was not signed until November 18, 1960. We have no information as to when the Governor of Oklahoma actually received the requisition, or the possible cause of delay.

We are faced with the fact that petitioner did not actually come into custody of the State officers until November 23, 1960 and the delays since that time have been caused by the habeas corpus proceedings instituted by the petitioner himself. In that petitioner will have to be turned over to the Louisiana officers under the terms of the Uniform Extradition Act, 22 O.S.1951 §§ 1141.1–30, no doubt the Federal charge of unlawful flight will be dismissed.

Finding no violation of the constitutional rights of petitioner by State officials, the petition for writ of habeas corpus must be and is denied, and petitioner is ordered delivered to the agents of the Governor of Louisiana to answer a charge of theft now pending in the Parish of St. Mary, in the State of Louisiana.

NIX and BRETT, JJ., concur.